IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                              CAUSE NO. 1:22-cr-162-LG-BWR

**MARK ROBILLIA**

<u>**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION TO DISMISS**</u>

**BEFORE THE COURT** is the [44] Motion to Dismiss filed by Defendant, Mark Robillia. This Defendant is charged by indictment for, *inter alia*, knowingly possessing a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8). Defendant has filed a [44] Motion to Dismiss the indictment, arguing that by applying the recent Supreme Court decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. --- (2022), these statutes are unconstitutional. After due consideration of the arguments of counsel, the record, and the applicable law, the Court finds that the Motion should be denied.

DISCUSSION

I.     **Constitutionality of Section 922(g)(1)**

Defendant's Motion rests on the alleged unconstitutionality of section 922(g)(1), which prohibits the possession of a firearm by a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Section 924(a)(8) then sets a statutory maximum sentence of 15 years' imprisonment for the offense. However, the conduct regulated by these statutes—possession of a firearm by a felon—has been extensively litigated

in the federal courts following the release of the Supreme Court's decision in *Bruen*. As this Court noted in *United States v. Schnur*, --- F. Supp. 3d ---, 2023 WL 4881383 (S.D. Miss. July 31, 2023), there is a virtual unanimity in the district courts of the Fifth Circuit upholding section 922(g)(1) in *Bruen*'s wake. In that decision, this Court joined the majority opinion of district courts and found that section 922(g)(1) survives *Bruen*'s textual and historical scrutiny. *Id.* Defendant has offered no good legal justification for the Court to depart from the considerable precedent cited in *Schnur*. The Court hereby adopts by reference its opinion in *Schnur* and denies the pending [44] Motion to Dismiss for the reasons stated therein.

## II.     Affirmative Defense of Justification

Defendant also alleges in the Motion that he removed a shotgun from the possession of a minor, who he had allegedly seen loading the weapon, believing that the minor's possession posed "a clear and present danger" and that "it was a **necessity** to take the shot gun from the minor and take it to Robillia's room." (*Id.*) (emphasis in original). He cites *United States v. Harper*, 802 F.2d 115 (5th Cir. 1986), wherein the Fifth Circuit elaborated on "the four elements of the justification defense," whereby illegal firearm possession may be excused where, *inter alia*, the "'defendant was under an unlawful and 'present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury.'" *Id.* (quoting *United States v. Gant*, 691 F.2d 1159, 1162-63 (5th Cir. 1982)).

Although the Fifth Circuit has "recognized 'justification' as a defense to a felon-in-possession charge," it has also observed that "courts construe the justification defense 'very narrowly' and limit its application to the 'rarest of occasions.'" *United States v. Penn*, 969 F.3d 450, 455 (5th Cir. 2020).  Even then, the justification defense remains an affirmative defense which is not a basis to dismiss the indictment.  *See United States v. Ortiz*, 927 F.3d 868, 878 (5th Cir. 2019) (describing the nature of the justification affirmative defense); *United States v. Sisson*, 399 U.S. 267, 288 (1970) ("It has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses.") (citing *United States v. Fargas*, 267 F. Supp. 452, 455 (S.D.N.Y. 1967)).  Therefore, to the extent Defendant raises this issue in support of its Motion to Dismiss, the same should be and is hereby denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [44] Motion to Dismiss filed by Defendant, Mark Robillia, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2023.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

3