IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                    CAUSE NO. 1:22-cr-162-LG-BWR-1

**MARK ROBILLIA**

<u>**ORDER DENYING DEFENDANT'S MOTIONS *IN LIMINE*** </u>

**BEFORE THE COURT** is the [56] Motion *in Limine* to Suppress Alleged Gang Affiliation, the [57] Motion *in Limine* to Reveal Confidential Informant, and the [58] Motion *in Limine* to Suppress Prior Convictions Under Federal Rules of Evidence 609 and 404(b).  The Government has responded to the Motions.  Upon review of the parties' submissions, the record in this matter, and the applicable law, the Court denies the Motions *in Limine*.

With respect to the [56] Motion *in Limine* to Suppress Alleged Gang Affiliation, the Government has represented that it "does not intend to offer proof of the Defendant's gang affiliation in its case in chief." (*See* Resp. Def.'s Mots. in Limine, at 1, ECF No. 61).  Therefore, this Motion is denied.  With respect to the [57] Motion *in Limine* to Reveal Confidential Informant, the Government states, first, that it "has provided the names of the confidential sources to counsel for the Defendant." (*Id.*).  Therefore, and based upon this representation, this Motion is denied.

Finally, with respect to the [58] Motion *in Limine* to Suppress Prior Convictions, the Court observes here that Defendant is indicted for a violation of 18

U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. As such, the fact of a prior felony conviction is an essential element of the charged offense. Where the defendant is "charged with being a felon in possession of a firearm, . . . the evidence of his prior conviction [is] relevant and necessary to establish an element of this offense, namely, that he was a felon." *See United States v. Jones*, 930 F.3d 366, 373 (5th Cir. 2019). Especially where the defendant does not stipulate to his prior felony conviction, the district court does "not err in admitting [the] prior conviction as substantive evidence of the felon-in-possession charge." *Id.* (citing *United States v. Turner*, 674 F.3d 420, 430 (5th Cir. 2012)). Here, there is no indication that any such stipulation was made. In such circumstances, the Government is entitled to introduce evidence of Defendant's prior felony convictions at trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [56] Motion *in Limine* to Suppress Alleged Gang Affiliation and the [57] Motion *in Limine* to Reveal Confidential Informant, are **DENIED**. However, Defendant may raise objections during trial as needed.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [58] Motion *in Limine* to Suppress Prior Convictions Under Federal Rules of Evidence 609 and 404(b) is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 31st day of January, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE