IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:22-cr-162-LG-BWR

**MARK ROBILLIA**

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND DENYING MOTION FOR NEW TRIAL

**BEFORE THE COURT** is the [76] Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for New Trial, filed by Defendant, Mark Robillia. After a two-day jury trial on February 5-6, 2024, Defendant was found guilty of possession with intent to distribute methamphetamine and possession of a firearm by a convicted felon. (*See* Special Verdict Form, ECF No. 64). Defendant now moves for judgment notwithstanding the verdict or a new trial. After due consideration of the arguments of counsel, the record, and the applicable law, the Court finds that the Motion should be denied.

### DISCUSSION

**I.  Legal Standards**

Defendant invokes Federal Rule of Criminal Procedure 29 in moving for a judgment notwithstanding the verdict. Under Rule 29, a defendant may move for a judgment of acquittal and thereby argue that evidence adduced at trial is insufficient to sustain a conviction. In such a case, the Court must "view all evidence, whether circumstantial or direct, in the light most favorable to the

government, with all reasonable inferences and credibility choices to be made in support of the jury's verdict." *United States v. Ford*, 558 F.3d 371, 375 (5th Cir. 2009). "In evaluating whether the evidence at trial is sufficient to support a jury conviction, this Court examines whether a rational jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt." *United States v. Armstrong*, 550 F.3d 382, 388 (5th Cir. 2008). The verdict should not be set aside unless the Court finds that the jury could not have found Defendant guilty beyond a reasonable doubt. *Id.*; Fed. R. Crim. P. 29(c)(1).

Defendant also moves for a new trial. Federal Rule of Criminal Procedure 33 provides that a Court may vacate a judgment and grant a new trial "if the interest of justice so requires." Motions for new trial are not favored and are only granted in exceptional cases. *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997); *United States v. Valentine*, 401 F.3d 609, 614 (5th Cir. 2005). A "district court must carefully weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial, but must not entirely usurp the jury's function, or simply set aside the jury's verdict because it runs counter to the result the district court believed was more appropriate." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). The court may not grant a new trial "unless the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand." *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006).

## II.     Grounds Raised

### 1.     Admissibility and Sufficiency of the Evidence

First, Defendant argues that "[t]he jury verdict was not supported by the evidence" and "was against the overwhelming weight of the evidence." (Mot. JNOV ¶¶ 2-3, ECF No. 76). Defendant also argues that "[t]he Court clearly erred in sustaining any objection made by the United States Government and further overruling any objections made by the defendant, Mark Robillia." (*Id.* ¶ 5). However, in his Motion, Defendant does not draw attention to any particular item of evidence or make any argument at all with respect to the evidence. Nor does Defendant explain how the Court erred in ruling on any objection. However, the Court does note that Defendant articulated his concerns in his oral motions for a judgment of acquittal at trial.

At trial, Defendant orally moved for a judgment of acquittal and for a directed verdict at the close of the Government's case and again at the close of evidence. First, Defendant insisted that his section 922(g)(1) charge was unconstitutional under the Second Amendment to the United States Constitution; this issue will be resolved in § 2 *infra*. Second, he contended that the Government's case revolved around an unreliable witness, Mr. Mark Anthony Breedlove, who was identified as the Defendant's son. In so arguing, he referred to evidence and testimony to the effect that Breedlove was a drug user and his co-conspirator. The Court denied the Defendant's oral motion, reasoning that the evidence—in the light most favorable to the prosecution—could support a jury verdict of guilty beyond a

3

reasonable doubt. The Court again denied the oral motion when Defendant renewed it at the close of the evidence.

Defendant appears to renew these arguments in the present Motion, but nothing of relevance to the Court's reasoning has changed. "[T]he standard for a motion for judgment of acquittal is highly deferential to the jury. The Court is not allowed to 'weigh any conflicting evidence [or] evaluate the credibility of witnesses.'" *United States v. Ward*, 638 F. Supp. 3d 686, 690 (S.D. Miss. Oct. 31, 2022) (citations omitted). As such, the Court is not allowed to question the jury's resolution of Breedlove's credibility. Further, "[a]lthough the Court has more direction in granting" Defendant's "motion for a new trial," any such "alleged lack of credibility does not 'preponderate heavily against the verdict' as to present 'a miscarriage of justice to let the verdict stand.'" *Id.* Defendant was given an opportunity to cross-examine Breedlove concerning his credibility, and the Government presented ample other evidence in this case which the jury could have plausibly found to cohere with the disputed testimony. Further, the jury was instructed on Defendant's concerns. Therefore, this ground is without merit.

In sum, the evidence presented in this case, viewed in the light most favorable to the Government, supports the jury's verdict of guilty beyond a reasonable doubt, *see United States v. Armstrong*, 550 F.3d 382, 388 (5th Cir. 2008), which verdict stands far from being a miscarriage of justice. *See United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006). Hence, the Court will not enter a judgment of acquittal or order a new trial on these grounds.

## 2. Constitutionality of Section 922(g)(1)

Next, Defendant argues that "[t]he Court erred in not sustaining any and all motions filed by the defendant Mark Robillia, and further erred in sustaining any motions filed by the Government." (Mot. JNOV ¶ 7, ECF No. 76). The disputed motions are not stated with specificity, and so this general request for relief is denied. However, Defendant does particularly argue that the Court erred in finding section 922(g)(1) constitutional under *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), which clarified the scope of the Second Amendment to firearms regulations. Section 922(g)(1) prohibits the possession of a firearm by a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Section 924(a)(8) then sets a statutory maximum sentence of 15 years' imprisonment for the offense.

The Court addressed the constitutionality of these statutes in an earlier [45] Memorandum Opinion and Order, observing therein the "virtual unanimity in the district courts of the Fifth Circuit upholding section 922(g)(1) in *Bruen*'s wake." *United States v. Robillia*, No. 1:22CR162-LG-BWR, 2023 WL 7414449, at *1 (S.D. Miss. Nov. 9, 2023). The Court relied principally on its earlier decision in *United States v. Schnur*, --- F. Supp. 3d ---, 2023 WL 4881383 (S.D. Miss. July 31, 2023). The Court "adopt[ed] by reference its opinion in *Schnur* and denie[d] the . . . Motion to Dismiss for the reasons stated therein." *Robillia*, 2023 WL 7414449, at *1. As the law has not changed in any relevant way, this ground is without merit and

5

cannot support a judgment of acquittal or a new trial.  Therefore, the [76] Motion is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [76] Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for New Trial, filed by Defendant, Mark Robillia, is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 23rd day of April, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE